An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JACK JOSEPH BATTLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64982

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed a timely petition on October 28, 2013. The district court denied the petition without conducting an evidentiary hearing or appointing counsel. We conclude that the district court erred in denying the petition without appointing counsel for the reasons discussed below.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23758

NRS 34.750 provides for the discretionary appointment of post-conviction counsel and sets forth the following factors which the court may consider in making its determination to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of those issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The determination of whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues in a petition which, if true, would entitle the petitioner to relief.

Appellant's petition arose out of a trial with potentially complex issues. Appellant was represented by appointed counsel at trial. Appellant is serving a significant sentence. In addition, appellant moved for the appointment of counsel and claimed that he was indigent. The failure to appoint post-conviction counsel prevented a meaningful litigation of the petition, particularly in light of appellant's claim regarding his mental health problems. We note that the record contains support for appellant's claim of mental health issues and appellant's access to medication for mental health problems was discussed at the sentencing hearing. Further development of claims related to mental health issues would require investigation and discovery by post-conviction counsel. Thus, we reverse the district court's denial of appellant's petition

and remand this matter for the appointment of counsel to assist appellant in the post-conviction proceedings. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Michelle Leavitt, District Judge
       Jack Joseph Battle
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.